**11 CIV. 1197**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

RICHIE F. LEVINE

                        **Plaintiff,**        CIVIL ACTION NO._____

                                                COMPLAINT FOR
    vs.                                       MONETARY DAMAGES,
                                                DECLARATORY AND
CVS CAREMARK CORP.               INJUCTIVE RELIEF

                        **Defendant,**

                                                JURY TRIAL DEMANDED

LEXISNEXIS SCREENING
SOLUTIONS INC. ET AL
                        **Defendant.**
_____

## I. PRELIMINARY STATEMENT

1.     Plaintiff brings this action pursuant to the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and the State of New York's Fair Credit Reporting Act, N.Y. Gen. Bus. L. Article 25 §§ 380, *et seq.*, against defendant, CVS Caremark, and defendant, LexisNexis Screening Solutions Inc. et al for running a background check and taking adverse action. This action alleges that CVS Caremark willfully or, alternatively, negligently failed to properly allow time for Plaintiff to correct the initiated background check, failed to obtain his actual signature on the standalone sheet, failed to immediately correct his background check when he complained in writing, failed to provide a copy of Article 23-A and has denied his application for future employment based on information obtained from a consumer report and refused to provide Plaintiff with any specifics as to what adjudication guidelines deemed him to be forever ineligible for employment.

## II. JURISDICTION AND VENUE

2. This Court can rule on this matter pursuant to a federal question, 15 U.S.C. § 1681(p). The case can also be brought based on diversity jurisdiction, 28 U.S.C. §§1332 since both Respondents reside in other states and the amount is over $75,000. Further the court has pendent jurisdiction, 28 U.S.C. §§1331, 1637 for all related NY FCRA issues.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because the events or omissions giving rise to the claim occurred in this District, and Plaintiff resides in this district.

4. This Court has authority to grant monetary, injunctive and other relief pursuant to 15 U.S.C. § 1681(p) and N.Y. Gen. Bus. Law § 349.

## III. PARTIES

5. Plaintiff is a 33 year old male from Orange County and a resident of New York State. His mailing address is 290 Larkin Drive STE 103-373 in Monroe, New York 10950.

6. Defendant CVS Caremark Corp., (hereinafter "Defendant CVS"), is an employer that upon information and belief operates and conducts business in New York State and is headquartered at One CVS Drive in Woonsocket, Rhode Island 02895 with business locations throughout the state of New York.

7. Defendant LexisNexis Screening Solutions or Defendant LexisNexis), is a background check company upon information and belief operates and conducts business by initiating third party background checks for companies in New York State, including CVS Caremark and is headquartered at 1000 Alderman Drive in Alpharetta, Georgia 30005.

## IV. STATUTORY FRAMEWORK

### A. Fair Credit Reporting Act

8. The federal Fair Credit Reporting Act (hereinafter FCRA), 15 U.S.C. §§ 1681 *et seq.*, governs the content, issuance and use of consumer reports prepared for a variety of purposes, including background checks and consumer reporting agencies.

9. FCRA defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

10. FCRA defines a "consumer reporting agency" to mean any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. 1681 a(f).

11. A "consumer report" is:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility..., 15 U.S.C. § 1681a(d)(1),

for "a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F).

12. An "adverse action" occurs when a person takes an action or makes a determination connected to a consumer's application that is adverse to the consumer's interests. 15 U.S.C. § 1681a(k)(1)(b)(iv).

13. The term "employment purposes" when used in connection with a consumer report means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee. 15 U.S.C. § 1681a(h).

14. FCRA requires employers to provide applications with a standalone authorization form before submitting the background check. 15 U.S.C. § 1681b(b)(2)(A).

15. FCRA imposes civil liability for willful noncompliance with the statute, providing for actual damages up to $1000, punitive damages at the court's discretion, costs and attorney's fees. 15 U.S.C. § 1681n.

16. The FCRA also states that if an employer plans to take adverse action based on background check, the employer must provide a copy of the report and a statement of FCRA rights to applicant within a reasonable period of time before taking adverse action. 15 U.S.C. § 1681b(b)(b)(3)(a).

17. FCRA also imposes civil liability for negligent noncompliance with the statute, providing for actual damages, costs and attorney's fees. 15 U.S.C. § 1681o.

### B. New York Fair Credit Reporting Act

18. The New York Fair Credit Reporting Act (hereinafter NY FCRA), N.Y. Gen. Bus. L. § 380 *et seq.*, governs the content, issuance and use of consumer reports prepared for a variety of purposes..

19. NY FCRA defines "person" as "any individual, partnership, corporation, trust, estate, co-operative, association, government or governmental subdivision, agency or other entity." N.Y. Gen. Bus. L. § 380-a(a).

20. A "user" is "any person receiving or requesting a consumer report or an investigative consumer report other than the subject thereof." N.Y. Gen. Bus. L. § 380-a(i).

21. Defendants are "persons" and "users," subject to the requirements of NY FCRA.

22. NY FCRA defines "consumer report" as

> any communication by a consumer reporting agency of information that bears on an individual consumer's credit worthiness, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or part for the purpose of serving as a factor in establishing the consumer's eligibility . . ., N.Y. Gen. Bus. L. § 380-a(c)(1).

23. N.Y. Gen. Bus. Law §380-c(b) and g(d) requires employers to provide a copy of Article 23-A whenever they obtain an investigative consumer report or a criminal background check.

24. Users of consumer reports are civilly liable for negligent noncompliance with the statute, and are liable for actual damages and costs and attorney's fees. N.Y. Gen. Bus. Law § 380-m.

## V. FACTS

1. On or about August 17, 2010 plaintiff applied for a job through Defendant CVS. He completed a job application and revealed his felony and misdemeanor conviction.

2. On or about August 17, 2010, Defendant CVS submitted a request for a criminal background check to LexisNexis Screening Solutions electronically under request CID 16962541 under the name Richie Levine.

3. Defendant LexisNexis Screening Solutions completed the request on or about August 23, 2010 and printed the report on August 24, 2010.

4. Defendant LexisNexis sent the background check by request of Defendant CVS. Plaintiff received the background check in the mail on or about August 30, 2010.

5. Plaintiff immediately contacted Defendant LexisNexis, and told the attorney that the information contained in the background check was inaccurate and did not sign any stand alone documents to authorize same on or about August 24, 2010 and that Defendant had taken an adverse action against him.

6. Plaintiff also informed the representative that he had not received an Article 23-A attachment.

7. Plaintiff on September 6, 2010 received a letter from Defendant CVS dated August 31, 2010 in which Plaintiff was denied employment through an adverse action, even though he was in the process of disputing the report with Defendant LexisNexis only one day earlier.

8. Plaintiff contacted Defendant LexisNexis via email again on or about September 6, 2010 first about the errors in the background check including but not limited to the incorrect charge of the felony violation and it appearing as its own felony count and the fact his December 5, 2008 certificate of relief is not part of the misdemeanor record but is a matter of public record.

9. Defendant LexisNexis was later sent a follow up letter via USPS on or about September 24, 2010 telling them that the information on it was inaccurate and to correct it and indicate why there was an N-Do Not Hire grade on it and no Article 23-A attachment.

10. Despite these email and written complaints, plaintiff was told by Defendant LexisNexis nothing could be done, that plaintiff was not being considered for the position due to CVS Caremark's adjudication guideline and that it would investigate the inaccuracies.

11. On or about November 18, 2010 Defendant LexisNexis revised the report on Plaintiff by removing the second felony count violation but still did not list the certificate of relief of civil disabilities he obtained in 2008.

12. On or about November 25, 2010, Plaintiff received the revised dispute. Plaintiff was still disqualified from the position he sought and the grade of N-Do Not Hire was still present on the background check.

13. Despite being informed by Plaintiff that Defendant CVS Caremark did not have any signature authorization to run his background check, and despite repeated attempts by Plaintiff to contact Defendant CVS LexisNexis by telephone and in writing over a period of several weeks, Defendant LexisNexis has never responded or explained why parts of the background check are still missing, including Article 23-A and mention of his certificate of relief of civil disabilities.

14. Defendant CVS Caremark has failed to provide Plaintiff with a physical signed copy of the authorization, the fixed report including the correct criminal records and any information they may have gathered about him from a consumer report and if he is disqualified from all employment for all positions. Defendant CVS Caremark has not provided a copy of a corrected report to Plaintiff or attempted to hire him since the background check. Defendant CVS Caremark has taken an adverse action without justification against Plaintiff.

15. Plaintiff's personal and financial resources have been steadily eroded by the economic hardships resulting from Defendants' unauthorized and incorrect background check and denying him the benefits of a job offer and a correct background check. In addition, he has suffered severe emotional distress, humiliation, depression and embarrassment from being falsely, maliciously, and sedulously accused of having a second felony count while being denied the benefit of a job offer by Defendant CVS.

## VI. CAUSES OF ACTION
### COUNT I—Violation of Federal Fair Credit Reporting Act

16. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

17. Defendant violated the federal Fair Credit Reporting Act in the following particulars:

   A. When Defendants' failed to obtain Plaintiff's signature consent based on the statutorily required information for the consumer reporting agency from which Defendants gathered the information they used as a basis to deny Plaintiff's employment application and never offer a position to him.

   B. When Defendants' continuously failed to address the issues raised by Mr. Levine in the unauthorized consumer report that Defendants relied upon and his right to object to it, in conformance with the statute.

   C. When Defendants' did not fix the background check in a timely matter as required by statute.

   D. Defendant LexisNexis has not stated a legitimate business need for running Plaintiff's background check and rescinding the job offer based on an adjudication guideline that was not supplied to Plaintiff upon his request in writing concerning the N-Do Not Hire grade that appears on the report.

E. Defendant CVS has refused to hire Plaintiff due to running the background check by Defendant LexisNexis and terminated any chance for employment based on inaccurate information.

F. Plaintiff received the August 31 letter notifying him of defendant's adverse action at the same time he received the copy of his consumer report. Plaintiff did not have a sufficient or reasonable period of time to dispute the inaccuracies in his consumer report before Defendant CVS took adverse action. Simultaneous provision of a consumer report with notice of adverse action fails to satisfy the Sect. 1681b(b) (b)(3)(A) requirement.

18. As a result of Defendant's conduct, actions and omissions, Plaintiff suffered damages as set forth above.

19. Defendant's conduct, actions and omissions were willful, rendering Defendants' jointly and severable liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

20. In the alternative, Defendant's conduct, actions and inactions were negligent, rendering Defendants' liable for actual damages pursuant to 15 U.S.C. § 1681o.

21. Plaintiff is entitled to recover costs from Defendant in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

22. This Court has the equitable power to enjoin Defendant from engaging in conduct that violates the Fair Credit Reporting Act, and Plaintiff requests that it exercise its equitable jurisdiction.

## COUNT II—Violation of New York Fair Credit Reporting Act

23. Plaintiff repeats and re-alleges each paragraph above as if fully set forth herein.

24. Defendant violated the New York Fair Credit Reporting Act in the following particulars:

   A. Defendant CVS failed to obtain Plaintiff's stand alone signature consent form which they gathered the conviction record information they used as a basis to deny Plaintiff's employment application.

   B. Defendant CVS and Defendant LexisNexis continuously failed to address the issues raised by Plaintiff in the unauthorized consumer report that Defendant CVS relied upon to make employment decisions and his right to object to it, in conformance with the statute.

   C. Defendant LexisNexis failed to inform Plaintiff of his rights under Article 23-A of the Corrections Law as required by statute.

   D. Defendant LexisNexis did not attempt to fix the issued report in a timely matter as required by statute.

   E. Defendant CVS has refused to hire Plaintiff or consider him for future employment based on the incorrect results of the background check.

   F. Defendant CVS uses an illegal adjudication guideline to determine hires in New York in violation of the Fair Credit Reporting Act.

25. As a result of Defendant's conduct, actions and omissions, Plaintiff suffered damages as set forth at paragraph 17 above.

26. Defendant's conduct, actions and inactions were willful, rendering Defendant liable for punitive damages in an amount to be determined by this Court pursuant to N.Y. Gen. Bus. L. § 380-l.

27. In the alternative, Defendant's conduct, actions and inactions were negligent, rendering Defendant liable for actual damages pursuant to N.Y. Gen. Bus. L. § 380-m.

28. Plaintiff is entitled to recover costs from Defendant in an amount to be determined by this Court pursuant to either N.Y. Gen. Bus. Law §§ 380-l or 380- m.

29. This Court has the equitable power to enjoin Defendants from engaging in conduct that violates the New York Fair Credit Reporting Act, and Plaintiff requests that it exercise its equitable jurisdiction.

As a consequence of the above violations, Plaintiff is entitled to compensatory and punitive damages, declaratory relief, and injunctive relief, as requested below:

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff the following relief:

(a) Declare the defendant's actions complained herein to be in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*; and

(b) Declare the defendant's actions complained herein to be in violation of the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law §§ 380 *et seq.*; and

(c) Permanently enjoin the defendants' from violating the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380-a *et seq.*,

(d) Order Defendants' to take appropriate actions, including training staff members of their obligations under the federal and state FCRA to ensure that the activities complained of herein are not engaged in again by Defendants' or any of their agents; and

(e) Award actual damages of $100,000 as authorized by the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681n and 1681 and the New York State Fair Credit Reporting Act, N.Y. Gen. Bus. Law §§ 380-l and 380-m, and

(f) Award punitive and compensatory damages of $100,000 to Plaintiff against Defendants' CVS Caremark and LexisNexis; as authorized by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681n and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380-l, and

(g) Award Plaintiff's costs pursuant to 42 U.S.C. § 3613(c)(2); and

(h) Provide such other and further relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: February 10, 2011

Respectfully submitted,

_____
Richie F. Levine, M.S.L.S, C.P.

Pro-Se for Plaintiff
290 Larkin Drive STE 103-373
Monroe, N.Y. 12601
(845) 545-2768